## GEORGE L. TYLER *vs.* IDEAL BENEFIT ASSOCIATION.

Essex. November 1, 1898. — February 28, 1899.

Present: FIELD, C. J., HOLMES, LATHROP, BARKER, & HAMMOND, JJ.

*Disability Insurance — Application — Misrepresentation — Action.*

In an action upon a policy of insurance against disability, the sole defence being that the plaintiff omitted to state in his application for insurance the fact that about fifteen years before he had sprained his left ankle, so that he applied to it some liniment and it troubled him for three or four hours, although the defendant's examining physician testified that a sprain never fully recovers, that such an injury to one leg would make an injury to the other leg more probable fifteen years afterwards, and that, if the insurer had been informed of the previous sprain it would not have written a policy covering injuries to the ankle,

it is competent for the judge, sitting without a jury, to find that the plaintiff's omission to state the previous sprain was not a misrepresentation which increased the risk of loss; and evidence that the plaintiff did state the fact of the former sprain to the agent who assisted him in making out his application, and did not put it in the application because the agent said it was too trifling and so did not write it down, would further justify a finding that the omission was not made with actual intent to deceive.

CONTRACT, upon a policy of insurance or certificate of membership issued by the defendant to the plaintiff on August 5, 1896, entitling him to a certain sum per week for total disability.

At the trial in the Superior Court, before *Richardson*, J., without a jury, the defendant asked the judge to rule that, upon the whole case, the plaintiff could not maintain his action, and also on account of knowingly concealing a previous injury in his application for insurance; and to find for the defendant. The judge declined to rule as requested, and found for the plaintiff; and the defendant alleged exceptions. The facts appear in the opinion.

*D. W. Quill*, for the defendant.

*F. E. Farnham*, for the plaintiff.

BARKER, J. The sole defence relied upon at the trial was that the plaintiff omitted to state in his application for insurance the fact that some fifteen years before he had sprained his left ankle, so that he applied to it some liniment and it troubled him for three or four hours. Notwithstanding the testimony of the defendant's examining physician to the effect that a sprain never fully recovers, that such an injury to one leg would make an injury to the other leg more probable fifteen years afterwards, and that if the insurer had been informed of the previous sprain it would not have written a policy covering injuries to the ankle, we think it was competent for the court to find as a fact that the omission of the plaintiff to state the previous sprain was not a misrepresentation which increased the risk of loss. The evidence that the plaintiff did in fact state the circumstance of the former sprain to the agent who assisted him in making out his application, and did not put it in the application because the agent said it was too trifling, and so did not write it down, would further justify a finding that the omission or misrepresentation was not made with actual intent to deceive. The rights of the parties are governed by the provisions of St. 1895, c. 281, relative

to misrepresentations in applications for membership in fraternal beneficiary corporations, and under those provisions the court was justified upon the evidence in refusing the defendant's requests, and in finding for the plaintiff.

*Exceptions overruled.*